ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **NICOLE MRSICH and JUAN ESCRIVA,** Individually, and On Behalf of All Others Similarly Situated, | Civil Action No.: |
| Plaintiffs, -against- | **COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |
| **BAHAMA BREEZE, LLC and DARDEN RESTAURANTS, LLC,** | 6:13-CV-1395-ORL-36DAB |
| Defendants. | |

Plaintiffs, **NICOLE MRSICH and JUAN ESCRIVA**, individually and on behalf of all others similarly situated, by and through her attorneys, JTB LAW GROUP, L.L.C., and ROSENTHAL, LEVY, SIMON, & RYLES, and for their Collective Action Complaint, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all other similarly situated hourly employees, bring this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Plaintiffs, individually and on behalf of all other similarly situated hourly employees, bring this collective action under the FLSA to challenge Defendants' policy and practice of violating its statutory obligations to pay Plaintiff and the putative collective members for time worked off the clock and overtime compensation at a rate of time and a half (1.5) of

1

their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants willfully and intentionally committed systematic and widespread violations of the FLSA in the manner described herein.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

5. This Court has jurisdiction over this FLSA Collective Action pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claim pled in this Complaint substantially occurred in this District.

## THE PARTIES

7. At all relevant times herein, Plaintiff, **NICOLE MRSICH,** was and is a resident of Orange County in the State of Florida. Plaintiff worked for Defendant from approximately October, 2012 until approximately July, 2013 as a server.

8. At all relevant times herein, Plaintiff, **JUAN ESCRIVA,** was and is a resident of Orange County in the State of Florida. Plaintiff worked for Defendant from approximately January, 2011 until approximately July, 2013 as a bartender.

9. Defendant **BAHAMA BREEZE, LLC** is a business corporation organized and existing under the laws of the State of Florida and is actively doing business in this State and District.

10. Defendant **BAHAMA BREEZE, LLC** has a principal address of 1230 Allen Loop, Santa Rosa Beach, Florida, 32459.

11. Defendant **BAHAMA BREEZE, LLC** has annual gross revenues exceeding $500,000.00.

12. Defendant **DARDEN RESTAURANTS, LLC** is a business corporation organized and existing under the laws of the State of Florida and is actively doing business in this State and District.

13. Defendant **DARDEN RESTAURANTS, LLC** has a principal address of 1000 Darden Center Drive, Orlando, Florida, 32837.

14. Defendant **DARDEN RESTAURANTS, LLC** has annual gross revenues exceeding $500,000.00.

15. Defendants operate restaurants throughout the country and are engaged in interstate commerce as that term is defined under the FLSA.

## FACTUAL ALLEGATIONS

16. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

17. Defendants are privately owned establishments operating and conducting business in the restaurant industry.

18. At all times relevant herein, Defendants have been an enterprise "engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

19. At all times relevant herein, Defendants were/are jointly the "employers" of Plaintiffs and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

20. At all times relevant herein, Defendants either directly or indirectly hired Plaintiffs and all other similarly situated hourly employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

21. At all times relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiffs and all other similarly situated hourly employees.

22. At all relevant times herein, Plaintiff and all other similarly situated persons employed by Defendants were/are classified as non-exempt and paid an hourly rate of compensation.

23. During the applicable statutory period, Defendants frequently required Plaintiffs and all other similarly situated employees to work off the clock, including, but not limited to, time worked through lunch and before and after their scheduled shifts, without lawful compensation as required by the FLSA.

24. During the applicable statutory period, Defendants frequently required Plaintiffs and all other similarly situated hourly employees to work over forty (40) hours per week.

25. Defendants violated the FLSA by failing to compensate Plaintiffs and all other similarly situated employees proper overtime compensation at time and half (1.5) of their regular rates of pay for hours worked in excess of forty (40) per week.

26. Defendants' failure to pay employees for hours worked off the clock or to pay proper overtime compensation, as alleged herein, was/is willful, intentional and not in good faith.

27. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiffs and the putative collective members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

28. Defendants have consistently, and continue to enforce a uniform policy and/or practice of permitting, encouraging, and/or requiring its employees, including Plaintiff and the putative collective members, to work overtime and off the clock, without lawful compensation, as described herein.

29. At all relevant times herein, Defendants have failed to accurately record all of the hours worked by Plaintiffs and all other similarly situated hourly employees, and failed to properly compensate them for time worked off the clock and overtime.

30. At all relevant times herein, Defendants deprived Plaintiffs and all other similarly situated employees of proper compensation for hours worked off the clock and for overtime, as described herein.

31. Upon information and belief, at all times relevant herein, Defendants failed to keep full and accurate records of Plaintiffs' and all other similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

32. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any administrative practice or enforcement policy of such department.

33. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

35. Plaintiffs bring this action, individually and on behalf of all other similarly situated hourly employees, former and present, who were/are affected by Defendants' willful and intentional violation of the FLSA, as described in this Complaint.

36. Plaintiffs bring this collective action to recover monetary damages owed by Defendants' to Plaintiffs and the putative collective members for all of the unpaid off the clock wages and overtime compensation.

37. Plaintiffs bring this claim for relief for Defendants' willful violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

    a. The Collective is defined as follows:

        i. **All of Defendants' current and former employees in the State of Florida who were paid on an hourly basis from January 2013 through present, and who:**

            1. **Were and/or are not paid for time worked off the clock; and/or**

            2. **Were and/or are not paid proper overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for hours worked in a work week in excess of forty (40).**

38. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiffs and the putative collective members are similarly situated in that they are all subject to Defendants' policy and/or practice of forcing employees to work off the clock without any compensation. Further, all members of the putative Collective have been subjected to Defendants' willful and intentional violation of its statutory obligation to pay overtime compensation at time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week.

39. The putative collective is so numerous that joinder of all members is impractical. While the exact number and identities of collective members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least one hundred (100)

6

putative Collective members have worked for Defendants during the applicable statutory period without receiving appropriate compensation, as required by law.

40. This litigation is properly brought as a class and collective action because of the existence of questions of fact and law common to the collective which predominates over any questions affecting only individual members, including:

   a. Whether Defendants are liable to Plaintiff and the putative collective members for violations of the FLSA;

   b. Whether Plaintiffs and the putative collective members worked off the clock;

   c. Whether Defendants failed to compensate Plaintiff and the putative collective members for time worked off the clock, including time worked through unpaid lunch breaks, at the end of shifts, and other similar violations;

   d. Whether Plaintiffs and the putative collective members worked over forty (40) hours in a workweek;

   e. Whether Defendants failed to pay Plaintiffs and the putative collective members proper overtime compensation for all hours in the work week in excess of forty (40).

41. Plaintiffs have no interests antagonistic to the interests of the collective. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in collective action litigation. Accordingly, Plaintiffs is an adequate representative and will fairly and adequately protect the interests of the collective.

42. Collective certification is also fair and efficient because prosecution of separate actions by individual collective members would create a risk of differing adjudications with respect to such individual members of the collective, which as a practical matter may be dispositive of

the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

43. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the collective members and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

44. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

45. Defendants required Plaintiffs to work hours off the clock but failed to pay Plaintiffs lawful compensation for time worked off the clock

46. Plaintiffs were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiffs proper overtime compensation at time and half (1.5) of her regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

47. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

48. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies pursuant to 29 U.S.C. § 255.

49. As a result of the foregoing, Plaintiffs were illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid

amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

50. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

51. Defendants required Plaintiffs and the other similarly situated employees to work time off the clock without any lawful compensation.

52. Plaintiffs and other similarly situated employees were required by Defendant and did regularly work over forty (40) hours a week, but Defendant failed to pay Plaintiff and similarly situated employees proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

53. Defendants' failure to pay Plaintiffs and the other similarly situated employees proper overtime compensation at time and a half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40) violates the FLSA.

54. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

55. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies pursuant to 29 U.S.C. § 255.

56. As a result of the foregoing, Plaintiffs and the other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-

9

judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A.  A declaratory judgment that Defendants' wage policy and/or practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.  Judgment for damages for all unpaid off the clock and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

C.  An order for injunctive relief, ordering Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA, and related laws and regulations.

D.  Certification of an FLSA Collective action, pursuant 29 U.S.C. 216(b).

E.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period.

F.  Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

G.  An order requiring Defendant, at its own expense, to investigate and account for the number of hours worked by the Plaintiff and putative Collective members.

H.  An order directing Defendant to pay Plaintiff and members of the putative Collective reasonable attorney's fees and all costs connected with this action.

I.  An incentive award for the lead Plaintiff.

J.  Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

K.  Such other and further relief as to this Court may deem necessary, just and proper.

Dated: August 14, 2013

Respectfully submitted,

ROSENTHAL, LEVY, SIMON, & RYLES

By: _____
Alan M. Aronson
aaronson@rosenthallevy.com
1401 Forum Way, Sixth Floor
West Palm Beach, FL 33401
P: 561.478.2500
F: 561.478.3111

**JTB LAW GROUP, LLC**
Jason T. Brown (Will seek pro hac vice admission)
jtb@jtblawgroup.com
Gian M. Fanelli (Will seek pro hac vice admission)
gianmfanelli@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
P: (201) 630-0000
F: (855) 582-5297

*Attorneys for Plaintiff*