IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-cv-01395-CEH-DAB

NICOLE MRSICH and JUAN ESCRIVA, )
Individually and On Behalf of All Others )
Similarly Situated, )
)
    Plaintiffs, )
)
v. )
)
BAHAMA BREEZE, LLC and DARDEN )
RESTAURANTS, LLC, )
)
    Defendants. )
)

**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff NICOLE MRSICH, Plaintiff JUAN ESCRIVA, Defendant BAHAMA BREEZE, LLC, and Defendant DARDEN RESTAURANTS, INC. by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Confidential Settlement Agreement and to Dismiss Lawsuit, With Prejudice, and state the following in support:

**I.    STATEMENT OF FACTS**

    1.    On or about September 9, 2013, Plaintiff Mrsich and Plaintiff Escriva filed the instant action alleging that Defendants[1] failed to pay them overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1.

---

[1] The entity that employed Plaintiffs is GMRI, Inc., a wholly owned subsidiary of Darden Restaurants, Inc. GMRI owns and operates Bahama Breeze through its subsidiaries, but neither of the entities named as defendants in this action (Bahama Breeze, LLC and Darden Restaurants, LLC) exists.

2. On October 7, 2013, the parties filed a Joint Stipulation/Motion to Stay Proceedings Pending Completion of Arbitration, because arbitration of Plaintiffs' claims was required by the terms of a Dispute Resolution Process that they agreed to during their employment. *See* Dkt. No. 10.

3. On October 8, 2013, this Honorable Court granted the Joint Motion and stayed the instant action. *See* Dkt. No. 11. In the Order, the Court instructed the parties to notify the Court within 14 days of the conclusion of the arbitration proceeding or any settlement. *Id.*

4. Subsequent to the stay of the proceedings, Opt-in Plaintiff Sandra Diaz joined Plaintiff Mrsich and Plaintiff Escriva in the instant action against Defendants.

5. Defendants deny that there was any violation of the FLSA, and thus Defendants deny that Plaintiff Mrsich, Plaintiff Escriva, or Opt-in Plaintiff Diaz are entitled to any damages in this matter. Notwithstanding the parties' disagreement over the merits of the allegations and the scope of any potential damages, they engaged in settlement discussions in an attempt to see if the instant action could be resolved without arbitration.

6. On February 28, 2014, the parties reached an agreement to resolve and settle the claims asserted by Plaintiff Mrsich, Plaintiff Escriva, and Opt-in Plaintiff Diaz against Defendants. The parties subsequently drafted and executed a separate Confidential Settlement Agreement and General Release that memorializes the monetary and non-monetary terms and conditions of each settlement.

7. In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlements that they have entered into to resolve their disputes. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreements.

## II. ARGUMENT

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed a separate Confidential Settlement Agreement and General Release ("Confidential Settlement Agreement") for each Plaintiff. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff Mrsich, Plaintiff Escriva, and Opt-in Plaintiff Diaz are each receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs. The terms of each Confidential Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlements and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Confidential Settlement Agreements entered into by the parties.

The parties have agreed to keep the specific terms and conditions of the Settlement Agreements confidential. To that end, the parties respectfully request approval to present the three Confidential Settlement Agreements to the Court, in their written and executed form, for an

*in camera* review, in order to protect the confidential nature of the agreements. By allowing an *in camera* review, the Court can consider each of the agreements and still protect the confidentiality that the parties bargained for. Alternatively, if the Court prefers, the parties can present each Confidential Settlement Agreement for the Court to review and discuss with the parties at a hearing. Judges in the Middle District (and in other District Courts in Florida) have often granted requests to submit an FLSA settlement agreement for an *in camera* review and/or to submit the agreements for review via other methods, without having to publicly file the agreements in the case docket. *See e.g., Rivera v. Laboratory Corp. of America*, Case No. 8:11-cv-02678-EAK-TBM (M.D. Fla. Jul. 3, 2012) (Kovachevich, J.)*; Jackson v. Lincare, Inc.,* Case No. 8:11-cv-02653-TGW (M.D. Fla. Apr. 2, 2012) (Wilson, Mag.); *Rojas v. MK Automotive, Inc.*, Case No. 8:11-cv-00798-EAK-MAP (M.D. Fla. Dec. 20, 2011) (Kovachevich, J.); *Brune v. JLP Advisors, Inc.,* Case No. 8:11-cv-244-T-24 TBM (M.D. Fla. Jun. 8, 2011) (Bucklew, J.); *Doimeadios v. Jason's Hauling, Inc., et al.*, Case No. 09-1003-RAL-MAP (M.D. Fla. Jul. 9, 2010) (Lazarra, J.); *Frost v. Quality Metal Fabricators, Inc.,* Case No. 09-02446-JSM-MAP (M.D. Fla. Mar. 26, 2010) (Moody, J.); *see also Singh v. H&R Block Eastern Enterprises,* Case No. 1:11-cv-20954-RNS (S.D. Fla. Apr. 10, 2012); *Franco v. RailWorks Track Systems, Inc.,* Case No. 10-cv-23647-Ungaro (S.D. Fla. Jun. 17, 2011); *Graham v. Flextronics America, LLC,* Case No. 10-cv-61947-Cohn (S.D. Fla. Feb. 24, 2011). A copy of each order is attached as Exhibit A.

WHEREFORE, the parties respectfully request that the Court review the three Confidential Settlement Agreements in a manner that protects their confidential nature, and then enter an Order approving the terms of each settlement in the instant action, and dismissing this

action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Confidential Settlement Agreements entered into by the parties.

*          *          *

DATED this 13th day of May 2014.

Respectfully submitted,

| | |
|---|---|
| **ROSENTHAL, LEVY, SIMON & RILES** | **LITTLER MENDELSON, P.C.** |
| 1401 Forum Way | Wells Fargo Center |
| Suite 600 | 333 S.E. 2nd Avenue |
| West Palm Beach, Florida  33401 | Suite 2700 |
| Telephone: (561) 478-2500 | Miami, Florida  33131 |
| Facsimile: (561) 478-3111 | Telephone:  (305) 400-7500 |
| | Facsimile:   (305) 603-2552 |

    */s/ Alan M. Aronson*                            */s/Aaron Reed*

Alan M. Aronson, Esq.                             Aaron Reed. Esq.
Florida Bar No. 895997                          Florida Bar No. 0557153
E- mail: aaronson@rosenthallevy.com     E-mail:  areed@littler.com

**JTB LAW GROUP**                                COUNSEL FOR DEFENDANTS
Gian Fanelli, Esq.
(Admitted *pro hac vice*)
Jason T. Brown, Esq.
(Admitted *pro hac vice*)
155 2nd Street, Suite 4
Jersey City, NJ  07302
Telephone: (877) 561-000

COUNSEL FOR PLAINTIFFS

Firmwide:125779191.2 069299.1072